IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30410
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICKEY JEROME ROGERS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No.96-CR-19-ALL
- - - - - - - - - -

March 18, 1999

Before KING, Chief Judge, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Rickey Jerome Rogers appeals the sentence he received following remand by this court. Rogers argues that the burden of proof at his sentencing should have been the reasonable doubt standard. Because Rogers raises this issue for the first time on appeal, we review for plain error. See United States v. Calverley, 37 F.3d 160, 162-164 (5th Cir. 1995) (en banc); see also United States v. Olano, 507 U.S. 725, 731-36 (1993). Inasmuch as Rogers received 131 months of imprisonment for each

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his burglary convictions, and the statutory maximum for each conviction is 240 months of imprisonment, Rogers has not shown that the district court's findings dramatically altered its sentencing options necessitating a higher burden of proof. <u>See</u> <u>United States v. Mergerson</u>, 4 F.3d 337, 342 (5th Cir. 1994).

Rogers argues that the district court abused its discretion in departing upward on his sentence. After reviewing the record and the briefs of the parties, we hold that the district court did not abuse its discretion in departing upward. <u>See</u> <u>United States v. Ashburn</u>, 38 F.3d 803, 807 (5th Cir. 1994)(en banc). The district court gave acceptable reasons for departing upward. <u>See</u> <u>United States v. Laury</u>, 985 F.2d 1293, 1310 (5th Cir. 1993).

Rogers also contends that the district court's calculation of his criminal history level was erroneous because some of the charges were "related offenses" and some in which he was not represented by counsel. This issue is beyond the scope of remand and could have been raised in his first appeal. <u>See</u> <u>United States v. Marmolejo</u>, 139 F.3d 528, 530-31 (5th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 622 (1998).

AFFIRMED.